UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA,

      Plaintiff,

v.                                              Case No: 2:21-cv-658-SPC-NPM

SHAW DEVELOPMENT, LLC,
CRYSTAL ASHLEY, FEDERAL
INSURANCE COMPANY and
STARR INDEMNITY &
LIABILITY COMPANY,

      Defendants/Third
      Party Plaintiff

FEDERAL INSURANCE
COMPANY and STARR
INDEMNITY & LIABILITY
COMPANY,

      Third-Party Defendants.
_____/

**<u>ORDER</u>**[1]

      Before the Court is Plaintiff National Union Fire Insurance Company of

Pittsburgh, PA's Complaint (Doc. 1) and Defendant Shaw Development, LLC's

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Third-Party Complaint (Doc. 9). In this insurance coverage dispute, Plaintiff asks the Court to declare that it need not defend and indemnify the Defendants in a pending state court suit.[2] (Doc. 1). Shaw has answered (Doc. 5) and has filed a Third-Party Complaint (Doc. 9). For the below reasons, the Court dismisses without prejudice the Complaint and Third-Party Complaint for lack of subject matter jurisdiction. *See* Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (stating district courts must "inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").

Jurisdiction is questionable for two reasons. First, to have diversity jurisdiction, the parties must be completely diverse. 28 U.S.C. § 1332(a). An LLC—like Shaw—is a citizen of every state in which one of its members is domiciled. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004). So every member of the LLC must be diverse from the opposing party. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

The Complaint alleges that "Shaw Development is a Florida limited liability company domiciled in Florida." But it identifies no members or their domiciles. (Doc. 1 at 2). The Answer and Third-Party Complaint similarly fall short. They admit Shaw is a Florida LLC but state all Shaw's membership is owned by an unidentified Delaware LLC. (Doc. 5 at 2; Doc. 9 at 3). But neither

---

[2] The underlying state court suit alleges negligence and strict product liability claims because of an individual's death in an airplane crash.

2

identify the Delaware LLC's members, let alone their domiciles. Without identifying each of Shaw's members and every state where they are domiciled, the Court cannot conclude the parties are completely diverse.

Second, Plaintiff wants the Court to declare it has no duty to indemnify the Defendants in the state court action. But until the state case ends, the duty to indemnify claim is unripe. *See Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 771 (11th Cir. 2019) (concluding an insurer's duty to indemnify "is not ripe for adjudication until the underlying lawsuit is resolved"). So if Plaintiff files an amended complaint correcting the citizenship deficiency, it must show cause in a separate brief—not to exceed five pages—why any duty to indemnify claim is ripe for adjudication.

Accordingly, it is now

**ORDERED:**

1. Plaintiff National Union Fire Insurance Company of Pittsburgh, PA's Complaint (Doc. 1) is **DISMISED without prejudice** for lack of subject matter jurisdiction.

    a. Plaintiff may file an amended complaint on or before **November 4, 2021. Failure to file an amended complaint may cause the Court to close this case without further order.**

    b. If Plaintiff files an amended complaint, it must come with a brief—not to exceed five pages—addressing ripeness.

2. Defendant Shaw Development, LLC's Third-Party Complaint (Doc. 9) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

    a. Defendant Shaw may file an amended third-party complaint on or before **November 4, 2021.**

    b. **Failure to file an amended complaint may cause the Court to close this case without further order.**

**DONE** and **ORDERED** in Fort Myers, Florida on October 21, 2021.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4